Hill *v.* Fuller.

---

NATHANIEL HILL, *plaintiff in error vs.* DAVID FULLER.

When a man moves with his family within the limits of a militia company, with the view of residing there until he has built a house on land of his own out of the limits of that company, he is liable to perform military duty where he so resides.

A certificate, made by the commanding officer of a company of militia upon a roll furnished by the Adjutant General, that it is the roll of such company, is sufficient evidence of its authenticity.

Where the roll does not show the precise time, when the enrolment of an individual was made thereon, it is to be considered as made at the time the roll is certified to have been corrected.

The following certificate, made upon a serjeant's warrant by the commanding officer of the company, was held to be sufficient evidence of the appointment and qualification of such serjeant as clerk: " This may certify, that I do hereby appoint D. F. to be clerk of the 8th company, &c., and that he has been duly qualified by taking the oath required by law.
" Sept. 25, 1834. "D. F."

An order from the commanding officer of the company to a private, directing him to warn the persons " set down in the list committed to him," containing a list of names on the back thereof, but none upon its face, gives sufficient authority to warn the persons thus named.

Where the commanding officer of a company has been legally ordered to appear with his company *in another town*, on a day and at a place named at 7 o'clock, for review and inspection, he has power to call his company to appear there at 5 o'clock on the same day.

THE original action was debt, by which said *Fuller*, as clerk of a company of militia in *Carmel*, claimed to recover of the plaintiff in error a fine for not appearing at the place of parade of the company in *Hampden*, at five o'clock A. M., on the 26*th* of *September*, 1834, the commander of said company having been ordered to attend with his company at *Hampden* for regimental review and inspection, at 7 o'clock, A. M., on the same day. The limits of the company were proved; that one *John Fuller* was the commander of it; that the plaintiff was duly appointed a serjeant of said company, and that an indorsement was made on the back of his warrant, as serjeant, as follows : —

"This may certify, that I do hereby appoint *David Fuller* to be Clerk of the 8*th Company of Infantry*, in the 2*d Reg.*, 2*d Brig.*, *and* 3*d Division*, and that he has been duly qualified by taking the oath required by law, before me.

"*John Fuller.*

"*Carmel, Sept.* 25, 1834."

The Company in *Carmel* was the 8th in that Regiment. It was objected, that this furnished no evidence, that the original plaintiff was Clerk, but the objection was overruled. To show the enrolment of the plaintiff in error, the original plaintiff offered a paper in common form of a company roll, on which was the name of said *Hill*, and which paper was verified, as a roll, only by the following certificate thereon :

"Militia of *Maine.* Roll of the 8th Company of Infantry in the 2d regiment, 2d brigade, and 3d division of the militia, under the command of Capt. *John Fuller*, as corrected on the sixteenth day of *September*, 1834.     Attest,     *John Fuller*, Capt."

There was no evidence of any other roll. The plaintiff in error objected, that this furnished no evidence of any legal enrolment of said *Hill*, but this objection was also overruled. There was no date against the name of the plaintiff in error, showing the time when he was enrolled. The company order to one *Kimball*, who duly left a written notice with said *Hill*, directed him to warn the persons whose names were set down in the list committed to him. There were no names of any privates of said company on the face of said order, but on the back thereof were several names, and among them that of the plaintiff in error. It was objected, that

Hill *v.* Fuller.

*Kimball* had no authority to warn, but this objection was also overruled. It was insisted, that the captain had no right to order his company to appear at *Hampden* at an earlier hour, than that fixed in the regimental order, but this objection too was overruled. The plaintiff in error did not appear at the place appointed at any time on that day. The said *Hill* then proved, that he owned land in *Newburgh*, a town adjoining *Carmel*, and hired a house and moved into *Carmel* with his family, *April 1, 1834*, to live there until he could build a house on his own land; that he worked sometime on the roads in *Newburgh* during the summer of 1834, but continued with his family to reside in *Carmel* until long after *October*, 1834. It was contended that the said *Hill* was not liable to do military duty in *Carmel*, in consequence of his residence there under such circumstances, but this objection was also overruled.

*F. H. Allen*, for the plaintiff in error, contended:

1. The plaintiff in error was not liable to enrolment in *Carmel*, because he went there for a temporary purpose only, until he could build a house on his land in another town. 1 *Pick.* 195; 4 *Mass. R.* 556; 3 *Greenl.* 436.

2. No legal roll was proved. The only evidence was the certificate of the captain. He is not a certifying officer, nor the proper person to keep the roll. It should have been verified by oath.

3. If a roll, it is defective in not stating the time when *Hill* was enrolled. The forms furnished by the adjutant-general require the time of the enrolment to be stated; and those are binding. 5 *Greenl.* 438.

4. The original plaintiff was not legally appointed clerk. If there was any certificate of qualification, it was before the appointment. There was none after it.

5. The company order to warn was irregular on its face, and void. It contained no names of the persons to be warned, and therefore gave no authority to warn any persons. The commander of a company has no authority of his own to order his company to appear out of town, and the order does not recite, or profess to act under, any authority from the commander of the regiment.

6. The regimental order confers no power to warn the company to appear at 5 o'clock, as that directs the appearance to be at 7 o'clock.

*Kent*, for the defendant in error, argued :

1. The plaintiff in error moved into the limits of the company with his family to reside and dwell there, and there he would have had a right to vote, and there he is subject to perform militia duty. 7 *Greenl.* 501.

2. The roll was sufficient in itself, and was sufficiently proved to have been a roll, to show a legal enrolment of the plaintiff in error. It is the duty of the captain of the company to enrol the members of it, and the clerk is only to assist him in this duty. The certificate on the roll is to identify and distinguish it from any other, and it is to be taken, *prima facie*, as true. No proof of it is necessary, but if it were, the certificate is enough. As there is no date of the time when the plaintiff in error was in fact enrolled, it must be taken to be when the roll was certified to have been corrected, and that was before the warning. *Stat.* of 1834, *ch.* 121, § 12 ; law of *U. S.* § 1.

3. The clerk was duly appointed and sworn. The design of the captain to appoint him clerk, and to qualify him for the office, distinctly appears, and that is sufficient. 1 *Fairf.* 421 ; 6 *Greenl.* 217.

4. The company order was sufficiently certain, and it was wholly immaterial whether the names were on the face or on the back of the order. Had this been a prosecution against the private to whom the order was directed for refusing to warn, it might have been necessary to have had the names of the privates appear on the order; but in this case, it is enough, that *Hill* was legally enrolled and legally warned, and it is wholly immaterial, whether there was any order or not.

5. *Hill* did not appear at any time, and cannot say, that he was ordered to appear at too early an hour. If the captain did wrong in ordering him to appear too soon, the captain may be punished, but it furnishes no excuse for neglect of duty in the private. But it would be impossible for the captain to have his company in a proper state to go upon the field at the time appointed for the Regiment to assemble, unless they were ordered to meet at an earlier hour, and prepare themselves for appearing, as a company. And such is the common practice.

The action was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The plaintiff in error removed with his family and came to reside in *Carmel,* within the bounds of the company, in which he is alleged to have been enrolled, which brings his case within the first section of the law of the *United States,* relating to the militia. While at *Carmel,* he hired and cultivated a farm there for two successive years. It differs essentially from the case of the *Commonwealth* v. *Swan,* 1 *Pick.* 195, where the party enrolled was absent from his established domicil, on a visit to his friends, which happened to be protracted, beyond his original intentions.

The same section imposes upon the captain, or commanding officer of a company, the duty of enrolling every citizen, liable by law to enrolment. The roll itself is a document of a public nature, constituting an important part of an organization, which has for its object the public defence. It is an original, and properly proved by the authentication of the officer entrusted to make it. For where the law has appointed a person for a specific purpose, it must trust him, as far as he acts under its authority. 1 *Stark.* 173. The certificate of an officer, entrusted by law to enrol a lease or deed of bargain and sale, on the deed or lease in the margin or on the back of the instrument, is competent evidence ; and it could never have been doubted that the enrolment itself was so. *Kennersly* v. *Orpe et als. Douglas,* 56. The act of Congress, the paramount law, requires that the enrolment be made by the captain. He is the officer entrusted with this service. Our law, *stat.* of 1834, *ch.* 121, § 12, has given him the clerk, as an assistant ; but he may doubtless act without him. The presence or aid of the assistant is not necessary to give validity to what he does, in the discharge of this duty. When made by him, it is entitled to the credence due to a public original document. The roll in question has the form required by law, and it is authenticated by the officer who was entrusted to make it.

The precise time of the enrolment of the plaintiff in error, does not appear ; but it does appear to have been done prior to his being warned to do the service, in which he was proved to have been delinquent. And this is sufficient upon this point. In *Sawtell* v.

*Davis*, 5 *Greenl*. 438, it was decided, that the fact of a prior enrolment could not be made out by parol proof.

There is some confusion of tenses in the certificate of the captain, on the back of the warrant of the defendant in error; but giving it a liberal and a fair construction, it must be understood to mean, that he was appointed clerk, and that he was thereupon qualified, by taking the oath required by law. And all this might properly appear in one certificate. *Abbot* v. *Crawford*, 6 *Greenl*. 214. That *John Fuller* was acting in his capacity of captain, when doing a military act appertaining to that office, is necessarily implied. The company order does refer to a list, containing the names of those to be warned, among which is the name of the plaintiff in error. The captain in his company order, did act in pursuance of a regimental order. We have been referred to no law, requiring that the company order should set forth that fact. The company were directed to assemble at an hour somewhat earlier, than was required by the regimental order. But we are satisfied, that this is in accordance with military usage. It affords an opportunity to prepare the company for an efficient appearance at the hour appointed. We cannot say that more time was taken than may have been necessary for this purpose.

Upon the whole we are of opinion, that none of the points taken in defence can be sustained.

*Judgment affirmed.*